Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 283-6078
Fax: (314) 241-5777

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW HILL, | Case No. **'13CV1967 CAB RBB** |
| Plaintiff, | COMPLAINT |
| vs. | |
| CAPITAL ONE SERVICES LLC, and CAPITAL ONE BANK (USA) N.A. | JURY TRIAL DEMANDED |
| Defendants. | |

## INTRODUCTION

1.      This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Drew Hill (hereinafter "Plaintiff"), against Capital One Services LLC (hereinafter "Cap LLC" or "Defendant") for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"),[1] the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* (hereinafter "the Rosenthal Act"),[2] which prohibit debt collectors from engaging in abusive, deceptive and unfair practices and the Telephone Consumer Protection Act (hereinafter "TCPA"),[3] which prohibits the making of unconsented phone calls to cell phones and against Capital One Bank (USA) N.A. (hereinafter "Cap USA" or "Defendant") for violations of the Rosenthal Act and the TCPA.

---

[1] All undesignated section references to § 1692 are to the FDCPA.
[2] All undesignated section references to § 1788 are to the Rosenthal Act.
[3] All undesignated section references to 47 U.S.C. § 277 are to the TCPA.

2.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

3.      This action arises out of Defendants' violations of the FDCPA, Rosenthal Act and TCPA.

4.      Jurisdiction arises pursuant to 28 U.S.C. § 1391, 1337, 15 U.S.C. § 1692(k)(d), and 47 U.S.C. § 277 *et seq*. and 28 U.S.C. § 1367 for supplemental state claims.

5.      As Defendants do business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendants for purposes of this action.

## THE PARTIES

6.      Plaintiff is a natural person residing in San Diego County, California.

7.      Plaintiff is a "consumer" within the meaning of § 1692a(3) being a natural person purportedly obligated to pay a "debt" or "consumer debt," as defined respectively, in § 1692a(5) and Civil Code section 1788.2(f) and allegedly owed to Capital One Bank (USA) N.A. (hereinafter "Debt").

8.      Plaintiff is a "person" as defined by 47 U.S.C. § 153 (39).

9.      Cap LLC is a person and/or business entity who uses instrumentalities of interstate commerce in a business, the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by § 1692a(6).

10.     Both Cap LLC and Cap USA in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by Civil Code section 1788.2(b), and are therefore debt collectors as that term is defined in

1  Civil Code section 1788.2(c).

2      11.    Defendant Cap LLC is a Delaware entity with an address of 1680 Capital
3  One Dr., McLean, Virginia 22102, and may be served at Lawyers Incorporating Service,
4  The Prentice-Hall Corporation System, Inc., 2701 Gateway Oaks Drive, Suite 150N,
5  Sacramento, CA 95833

6      12.    Defendant Cap USA is a Virginia entity with a principal place of business
7  at 4581 Cox Road, Glen Allen, Virginia 23060, and may be served through its registered
8  agent Corporation Service Company, Bank of America Center, 16th Floor, 1111 East
9  Main Street, Richmond, Virginia 23219.

## FACTUAL ALLEGATIONS

11      13.    At all times described herein, Cap USA engaged Cap LLC to conduct a
12  campaign of telephone collection calls to Plaintiff's cell number.

13      14.    At all times described herein, Cap LLC was acting on its own behalf and as
14  the agent, servants, partners, joint ventures, and employees of Cap USA and within the
15  scope of its agency, authority and employment.

16      15.    Defendants and their agents called Plaintiff's cell phone number (xxx) xxx-
17  0373 (hereinafter "cell phone").

18      16.    Prior to July 31, 2012, Plaintiff allegedly fell behind in the payment
19  allegedly owed on the alleged debt.

20      17.    Prior to July 12, 2012, the alleged debt was allegedly assigned, placed or
21  otherwise transferred to Cap LLC for collection.

22      18.    At various and multiple times within one (1) year preceding the filing of
23  this complaint, Defendants contacted Plaintiff's cell phone in attempts to collect the
24  debt.

## Phone calls

26      19.    Beginning on or about August 31, 2012, and continuing to and including
27  September 1, 2, 4 through 6, 11 through 18, 2012, Defendant contacted and/or attempted
28  to contact Plaintiff's cell phone.

20. Plaintiff answered some of these calls.

21. When he did answer some of the calls, there was no one on the line, i.e. there was silence and there was a pause before a human non-recorded voice came on the line, both of which indicate an autodialer or ATDS was being used.

22. Defendant Cap LLC has constantly and continuously placed collection calls to Plaintiff's cell phone seeking and demanding payment for an alleged debt with the intent to annoy, abuse and/or harass him.

23. These phone calls to the cell phone were communications within the meaning of § 1692a(2) debt collections as defined in Civil Code section 1788.2(b).

24. Many of these phone calls were made to Plaintiff's cell phone before 8:00 a.m., Plaintiff's local standard time.

25. Prior to these calls the Defendants or each of them had sued Plaintiff as well as sending him correspondence in and to his home address in San Diego, California. These actions indicate that Defendants had constructive and actual notice that Plaintiff resided in the Pacific time zone and not the earlier time zone of the area code of his cell phone number (Eastern or Atlantic).

26. By communicating with Plaintiff, as stated above, before 8:00 a.m. a presumptively and actually inconvenient time per § 1692c(a)(1), Defendants violated § 1692c(a)(1).

27. By engaging in the foregoing conduct, the natural consequence being harassment and oppression of the Plaintiff in connection with the collection of a debt, Defendants violated § 1692d.

28. Defendants communicated by telephone with the Plaintiff with such frequency as to be unreasonable and to constitute harassment in violation of § 1788.11(e).

## TCPA

29. Cap LLC placed these calls to Plaintiff's cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

30.     During these telephone calls, Cap LLC used an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

31.     These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

32.     Plaintiff did not provide "express consent" allowing Cap LLC to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

33.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

34.     These telephone calls by Cap LLC violated 47 U.S.C. § 227(b)(1)(A)(iii).

35.     Cap LLC's misconduct in placing these telephone calls to Plaintiff's cell phone was negligent and Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

36.     Cap LLC's misconduct in placing some or all of these telephone calls to Plaintiff's cell phone was willful and knowing and Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

37.     Plaintiff was harmed by the acts of Defendants including but not limited to the following ways: Cap LLC's calls to Plaintiff in the early morning while he was still asleep repeatedly and continuously with the intent to annoy, abuse and/or harass caused stress, anxiety, loss of sleep and resulting overall diminished abilities to carry on activities of daily living.

38.     As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer from personal humiliation, embarrassment, mental anguish, anxiety, and emotional distress injury. Cap LLC is liable for Plaintiff's actual and statutory

1  damages, costs and attorney's fees.

2  39.  As a result of the above violations of the Rosenthal Act, Plaintiff suffered and continues to suffer from personal humiliation, embarrassment, mental anguish, anxiety, and emotional distress injury. Both Defendants are liable for Plaintiff's actual and statutory damages, costs and attorney's fees.

40.  Because Defendants violated certain portions of the FDCPA as specifically set out herein, as these portions are incorporated by reference in Civil Code section 1788.17, this conduct or omission also violated the Rosenthal Act.

## FIRST CLAIM FOR RELIEF AGAINST CAP LLC
### (Violations of the FDCPA)

41.  Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

42.  The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of § 1692 *et seq*.

43.  As result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 1692k(a)(2)(A); reasonable attorney's fees and costs pursuant to § 1692k(a)(3) from Defendant.

## SECOND CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS
### (Violations of the Rosenthal Act)

44.  Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

45.  Plaintiff is entitled to statutory damages of $1,000.00 under Civil Code section 1788.30(b) for violations of Civil Code section 1788.17 because of Defendants' violations, as enumerated above, of the FDCPA.

46.  Plaintiff is entitled to statutory damages of $1,000.00 under Civil Code section 1788.30(b) for Defendants' violations, as enumerated above, of the Rosenthal

Act.

47. Pursuant to Civil Code section 1788.32, the remedies provided under Civil Code sections 1788.30 and 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

48. As a result of each and every violation by Defendants of the Rosenthal Act as previously stated, Plaintiff is entitled to any actual damages under Civil Code section 1788.30(a), statutory damages of $1,000.00 under Civil Code section 1788.30(b) for discrete violations of the Rosenthal Act and also an additional $1,000.00 statutory damages for violation of Civil Code section 1788.17, and attorney's fees and costs under Civil Code section 1788.30(c) from the Defendants.

### THIRD CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS
**(Negligent Violations of the Telephone Consumer Protection Act)**

49. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

50. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

51. As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### FOURTH CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS
**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act)**

53. Plaintiff incorporates by reference all of the above paragraphs before his Third Count for Relief as though fully stated herein.

54. The foregoing acts and omissions of Defendants constitute numerous and

multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

55.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and prays for the following relief:

(1)     Assume jurisdiction in this proceeding;

(2)     Declare that the Defendant violated the FDCPA;

(3)     Declare that the Defendant violated the Rosenthal Act;

(4)     Declare that the Defendant violated the TCPA;

(5)     Award of actual damages, in accordance with proof at trial, pursuant to § 1692k(a)(1) and Civil Code section 1788.30(a);

(6)     Award of statutory damages of $1,000.00 pursuant to § 1692k(a)(2)(A);

(7)     Award of statutory damages of $1,000.00 pursuant to Civil Code sections 1788.17,[4] 1788.11(e) and 1788.30(b);

(8)     Award of the costs of litigation and reasonable attorney's fees, pursuant to § 1692k(a)(3) and Civil Code section 1788.30(c);

(9)     Award of statutory damages of $500.00 for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);

(10)    Award of statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

Such other and further relief this court may deem just and proper.

---

[4] § 1692k(a)(2)(A) of the FDCPA.

## **TRIAL BY JURY**

56.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated August 23, 2013

**Lester & Associates**
By___s/ Patric A. Lester
        Attorney for Plaintiff,
        E-mail: pl@lesterlaw.com