**DOLL AMIR & ELEY LLP**
HUNTER R. ELEY (SBN 224321)
heley@dollamir.com
1888 Century Park East, Suite 1850
Los Angeles, California 90067
Tel:  310.557.9100
Fax: 310.557.9101

Attorneys for Defendants
CAPITAL ONE SERVICES LLC
CAPITAL ONE BANK (USA) N.A.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW HILL,<br><br>        Plaintiffs,<br><br>v.<br><br>CAPITAL ONE SERVICES LLC, and CAPITAL ONE BANK (USA) N.A.<br><br>        Defendants. | Case No. 13CV1967 CAB RBB<br><br>*Assigned to Courtroom 4C*<br>*The Hon. Cathy Ann Bencivengo*<br>*Referred to the Hon. Magistrate Judge*<br>*Ruben B. Brooks*<br><br>**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S ANSWER TO COMPLAINT** |

1   NOW COMES Defendant CAPITAL ONE BANK (USA), N.A., erroneously
2   sued herein as Capital One Services LLC and Capital One Bank (USA) N.A.
3   (hereafter "CAPITAL ONE"), by and through its counsel or record, Doll Amir & Eley
4   LLP, and hereby answers the Complaint filed by plaintiff  DREW HILL ("Plaintiff")
5   and alleges as follows:

6   **INTRODUCTION**

7   1.   Answering paragraph 1, CAPITAL ONE admits that Plaintiff alleges that
8   this is an action for actual damages, statutory damages, attorney fees and costs.
9   CAPITAL ONE further admits that Plaintiff alleges that CAPITAL ONE violated the
10  Fair Debt Collection Practices Act (hereafter "FDCPA"), the Rosenthal Fair Debt
11  Collection Practices Act, California Civil Code section 1788 *et seq.* (hereafter the
12  "Rosenthal Act"), and the Telephone Consumer Protection Act (hereafter "TCPA").
13  CAPITAL ONE states that the FDCPA speaks for itself,  and to the extent a response
14  is required, CAPITAL ONE denies it violated the FDCPA. CAPITAL ONE further
15  states that the Rosenthal Act speaks for itself, and to the extent a response is required,
16  CAPITAL ONE denies it violated the Rosenthal Act.  CAPITAL ONE states that the
17  TCPA speaks for itself, and to the extent a response is required, CAPITAL ONE
18  denies that it violated the TCPA. With respect to the remaining allegations, CAPITAL
19  ONE does not have knowledge or information sufficient to form a belief as to the truth
20  of these allegations, as they require a legal conclusion, and on that basis, denies,
21  generally and specifically, each and every averment contained therein.

22  2.   Answering paragraph 2, CAPITAL ONE does not have knowledge or
23  information sufficient to form a belief as to the truth of these allegations, as they
24  require a legal conclusion, and on that basis, denies, generally and specifically, each
25  and every averment contained therein.

26  **JURISDICTION AND VENUE**

27  3.   Answering paragraph 3, CAPITAL ONE admits that Plaintiff alleges this
28  action arises out of CAPITAL ONE's violations of the FDCPA, Rosenthal Act and

DOLL AMIR & ELEY LLP

1

1    TCPA.

2          4.      Answering paragraph 4, CAPITAL ONE admits that Plaintiff alleges

3    jurisdiction arises pursuant to 28 U.S.C. §§ 1391, 1337, 15 U.S.C. § 1692(k)(d), and

4    47 U.S.C. § 277 *et seq.* and 28 U.S.C. § 1367 for supplemental state claims.

5          5.      Answering paragraph 5, CAPITAL ONE admits it does business in the

6    state of California. CAPITAL ONE further admits that Plaintiff alleges this Court has

7    personal jurisdiction over CAPITAL ONE in this matter. With respect to the

8    remaining allegations, CAPITAL ONE denies, generally and specifically, each and

9    every averment contained therein.

10                                **THE PARTIES**

11         6.      Answering paragraph 6, CAPITAL ONE does not have knowledge or

12   information sufficient to form a belief as to the truth of these allegations, as they

13   require a legal conclusion and facts about Plaintiff to which it does not have personal

14   knowledge, and on that basis, denies, generally and specifically, each and every

15   averment contained therein.

16         7.      Answering paragraph 7, CAPITAL ONE does not have knowledge or

17   information sufficient to form a belief as to the truth of these allegations, as they

18   require a legal conclusion and facts about Plaintiff to which it does not have personal

19   knowledge, and on that basis, denies, generally and specifically, each and every

20   averment contained therein.

21         8.      Answering paragraph 8, CAPITAL ONE does not have knowledge or

22   information sufficient to form a belief as to the truth of these allegations, as they

23   require a legal conclusion and facts about Plaintiff to which it does not have personal

24   knowledge, and on that basis, denies, generally and specifically, each and every

25   averment contained therein.

26         9.      Answering paragraph 9, CAPITAL ONE denies that Capital One

27   Services, LLC is a debt collector under the FDCPA.  CAPITAL ONE does not have

28   knowledge or information to form a belief as to the truth of the remaining allegations

DOLL AMIR & ELEY LLP

2

CAPITAL ONE BANK (USA), N.A.'S ANSWER TO COMPLAINT          CASE NO. 13-CV-1967 CAB RBB

in paragraph 9, as they require a legal conclusion, and, on that basis, denies, generally and specifically, those allegations.

10.     Answering paragraph 10, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, as they require a legal conclusion, and on that basis, denies, generally and specifically, each and every averment contained therein.

11.     Answering paragraph 11, CAPITAL ONE admits that Capital One Services, LLC is a Delaware entity with an address of 1680 Capital One Drive, McLean, Virginia 22102. CAPITAL ONE further admits that Corporation Service Company- Lawyers Incorporating Service is Capital One Services, LLC's registered agent for service of process. CAPITAL ONE does not have knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 11 and, therefore, currently denies, generally and specifically, those allegations.

12.     Answering paragraph 12, CAPITAL ONE, denies that it, as a national association, is a Virginia entity.  CAPITAL ONE further denies that 4581 Cox Road, Glen Allen, Virginia 23060 is its "principal place of business".  CAPITAL ONE states that, under its articles of association, 4581 Cox Road, Glen Allen, Virginia 23060 is the address for CAPITAL ONE's main office. CAPITAL ONE admits that its agent for service of process is Corporation Service Company.  CAPITAL ONE does not have knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 12 and, therefore, currently denies, generally and specifically, those allegations.

## FACTUAL ALLEGATIONS

13.     Answering paragraph 13, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

14.     Answering paragraph 14, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, as they require a legal conclusion, and on that basis, denies, generally and specifically, each

DOLL AMIR & ELEY LLP

3

and every averment contained therein.

15.     Answering paragraph 15, CAPITAL ONE admits that it called the identified number.  CAPITAL ONE does not have knowledge or information to form a belief as to the truth of the allegations that the identified number is Plaintiff's cell phone and, therefore, currently denies, generally and specifically, those allegations.

16.     Answering paragraph 16, CAPITAL ONE denies that Plaintiff fell behind on his account prior to July 31, 2012, and affirmatively states that Plaintiff fell behind in August 2012.

17.     Answering paragraph 17, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

18.     Answering paragraph 18, CAPITAL ONE admits that it attempted to call the identified number in an attempt to discuss Plaintiff's past-due account.  CAPITAL ONE does not have knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 18 and, therefore, currently denies, generally and specifically, the remaining allegations.

## PHONE CALLS

19.     Answering paragraph 19, CAPITAL ONE admits that it attempted to call the identified number on August 31, 2012, September 1, 2, 4 through 6, and 11 through 18, 2012. CAPITAL ONE does not have knowledge or information to form a belief as to the truth of the allegations that the identified number is Plaintiff's cell phone and, therefore, currently denies, generally and specifically, those allegations.

20.     Answering paragraph 20, CAPITAL ONE does not have knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every averment contained therein.

21.     Answering paragraph 21, CAPITAL ONE does not have knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every averment contained therein.

22.     Answering paragraph 22, CAPITAL ONE denies, generally and

DOLL AMIR & ELEY LLP

4

specifically, each and every averment contained therein.

23.     Answering paragraph 23, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, as they require a legal conclusion, and on that basis, denies, generally and specifically, each and every averment contained therein.

24.     Answering paragraph 24, CAPITAL ONE states that it is continuing to research the truth of these allegations and, therefore, currently denies, generally and specifically, each and every averment contained therein.

25.     Answering paragraph 25, CAPITAL ONE admits that it sent Plaintiff correspondence at a San Diego, California address. CAPITAL ONE states that it is continuing to research the truth of the remaining allegations in paragraph 25 and, therefore, currently denies, generally and specifically, those allegations.

26.     Answering paragraph 26, CAPITAL ONE states that it is continuing to research the truth of these allegations and, therefore, currently denies, generally and specifically, each and every averment contained therein.

27.     Answering paragraph 27, CAPITAL ONE states that it is continuing to research the truth of these allegations and, therefore, currently denies, generally and specifically, each and every averment contained therein.

28.     Answering paragraph 28, CAPITAL ONE states that it is continuing to research the truth of these allegations and, therefore, currently denies, generally and specifically, each and every averment contained therein.

## TCPA

29.     Answering paragraph 29, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, as they require a legal conclusion, and on that basis, denies, generally and specifically, each and every averment contained therein.

30.     Answering paragraph 30, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, as they

DOLL AMIR & ELEY LLP

require a legal conclusion, and on that basis, denies, generally and specifically, each and every averment contained therein.

31.    Answering paragraph 31, CAPITAL ONE admits that, to the extent it made telephone calls to Plaintiff, the calls were not placed for emergency purposes.

32.    Answering paragraph 32, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, as they require a legal conclusion, and on that basis, denies, generally and specifically, each and every averment contained therein.

33.    Answering paragraph 33, CAPITAL ONE states that the TCPA and the FCC's January 2008 Declaratory Ruling speak for themselves. To the extent a response is required, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, as they require a legal conclusion, and on that basis, denies, generally and specifically, each and every averment contained therein.

34.    Answering paragraph 34, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

35.    Answering paragraph 35, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

36.    Answering paragraph 36, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

37.    Answering paragraph 37, denies, generally and specifically, each and every averment contained therein.

38.    Answering paragraph 38, denies, generally and specifically, each and every averment contained therein.

39.    Answering paragraph 39 denies, generally and specifically, each and every averment contained therein.

40.    Answering paragraph 40, denies, generally and specifically, each and every averment contained therein.

DOLL AMIR & ELEY LLP

6

DOLL AMIR & ELEY LLP

## FIRST CLAIM FOR RELIEF AGAINST CAP LLC

### (Violations of the FDCPA)

41.   Answering paragraph 41, CAPITAL ONE hereby incorporates by reference all of the preceding paragraphs.

42.   Answering paragraph 42, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

43.   Answering paragraph 43, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

## SECOND CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS

### (Violations of the Rosenthal Act)

44.   Answering paragraph 44, CAPITAL ONE hereby incorporates by reference all preceding paragraphs.

45.   Answering paragraph 45, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

46.   Answering paragraph 46, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

47.   Answering paragraph 47, CAPITAL ONE states Civil Code sections 1788.32, 1788.30 and 1788.17 speak for themselves. To the extent a response is required, denies, generally and specifically, each and every averment contained therein.

48.   Answering paragraph 48, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

## THIRD CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS

### (Negligent Violations of the Telephone Consumer Protection Act)

49.   Answering paragraph 49, CAPITAL ONE hereby incorporates by reference all preceding paragraphs.

50.   Answering paragraph 50, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

51.     Answering paragraph 51, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

52.     Answering paragraph 52, CAPITAL ONE admits only that Plaintiff seeks injunctive relief. With respect to the remaining allegations, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

**FOURTH CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS**

**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act)**

53.     Answering paragraph 53, CAPITAL ONE hereby incorporates by reference all preceding paragraphs.

54.     Answering paragraph 54, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

55.     Answering paragraph 55, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

/ / /

/ / /

DOLL AMIR & ELEY LLP

**AFFIRMATIVE DEFENSES**

NOW WHEREFORE, having answered the Complaint, CAPITAL ONE asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

1.     The Complaint fails to state a claim upon which relief can be granted against CAPITAL ONE.

**SECOND AFFIRMATIVE DEFENSE**

2.     Plaintiff failed to mitigate his damages, if any.

**THIRD AFFIRMATIVE DEFENSE**

3.     Damages or injuries, if any, suffered by Plaintiff are attributable to Plaintiff's own conduct, deeds, acts, words and omissions, and not to any conduct, deeds, acts, words or omissions of CAPITAL ONE.

**FOURTH AFFIRMATIVE DEFENSE**

4.     Plaintiff is not entitled to attorneys' fees.

**FIFTH AFFIRMATIVE DEFENSE**

5.     Plaintiff is barred from any legal or equitable relief under each of the purported causes of action in the Complaint, to the extent offsetting claim(s) exist.

**SIXTH AFFIRMATIVE DEFENSE**

6.     CAPITAL ONE alleges that the alleged actions of CAPITAL ONE were not accompanied by actual malice, intent or ill will.

**SEVENTH AFFIRMATIVE DEFENSE**

7.     No punitive damages are recoverable in this Action.  Any award of punitive damages against CAPITAL ONE is unconstitutional.

**EIGHTH AFFIRMATIVE DEFENSE**

8.     Without waiver of any of the denials contained herein, CAPITAL ONE asserts that, if Plaintiff sustained any damages, which CAPITAL ONE denies, such

DOLL AMIR & ELEY LLP

9

1  damages were proximately caused by the acts or omissions of other persons, firms, or

2  corporations.

### NINTH AFFIRMATIVE DEFENSE

4      9.      CAPITAL ONE acted in good faith and that the acts, conduct and

5  communications, if any, of CAPITAL ONE was justified.

### TENTH AFFIRMATIVE DEFENSE

7      10.     The TCPA provides for statutory damages of $500 to $1,500 for each

8  violation of the law. When directed at telephone calls, statutory damages under the

9  TCPA could quickly rise to thousands of dollars of damages for alleged actions that

10  caused little or no actual damage to Plaintiff.  Statutory damages would constitute an

11  excessive fine or penalty without the substantive or procedural safeguards guaranteed

12  by the Fifth and Fourteenth Amendments to the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

14      11.     CAPITAL ONE acted in good faith and any violation by CAPITAL

15  ONE of the statutes alleged in the Complaint was not intentional and resulted (if at all)

16  from a *bona fide* error notwithstanding the maintenance of procedures reasonably

17  adapted to avoid any such error.

### TWELFTH AFFIRMATIVE DEFENSE

19      12.     CAPITAL ONE acted reasonably and in good faith at all material times

20  based on all relevant facts and circumstances known by it at the time it so acted.

### THIRTEENTH AFFIRMATIVE DEFENSE

22      13.     CAPITAL ONE is informed and believes, and on that basis alleges that

23  it has complied with all applicable state and federal laws, statutes and regulations and,

24  therefore, cannot be held liable for any alleged damages suffered by Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

26      14.     CAPITAL ONE alleges that the causes against it are barred to the extent

27  PLAINTIFF provided prior express consent, whether through customer agreements,

28  written, or verbal statement or otherwise.

Doll Amir & Eley llp

10

DOLL AMIR & ELEY LLP

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2      15.    CAPITAL ONE reserves the right to allege and assert any additional

3  and/or further affirmative defenses as become apparent to CAPITAL ONE during the

4  course of litigation.

5

6      WHEREFORE, Defendant CAPITAL ONE prays for judgment against Plaintiff

7  as follows:

8      a.    That the Complaint be dismissed with prejudice in its entirety;

9      b.    That Plaintiff take nothing by reason of his Complaint;

10     c.    That judgment be entered in favor of Defendant CAPITAL ONE;

11     d.    For recovery of Defendant CAPITAL ONE's costs of suit,

12           including its attorneys' fees to the extent recoverable by contract or

13           law; and

14     e.    For such other and further relief as the Court deems just.

15

16  DATED:   October 21, 2013          **DOLL AMIR & ELEY LLP**

17

18                                By: s/  *Hunter R. Eley*                    .
                                      Hunter R. Eley
19                                    Attorneys for Defendants
20                                    CAPITAL ONE BANK (USA) N.A.
                                      CAPITAL ONE SERVICES LLC
21                                    Email: heley@dollamir.com

22

23

24

25

26

27

28

CAPITAL ONE BANK (USA), N.A.'S ANSWER TO COMPLAINT          CASE NO. 13-CV-1967 CAB RBB

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **1888 Century Park East, Suite 1850, Los Angeles, California 90067.**

On October 21, 2013, I served the foregoing document described as **DEFENDANT CAPITAL ONE BANK (USA), N.A.'S ANSWER TO COMPLAINT** on the interested parties in this action by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1888 Century Park East, Suite 1850, Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

☐ **BY OVERNIGHT DELIVERY:** I caused such documents to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressees. The envelope or package was deposited with delivery fees thereon fully prepaid.

☐ **BY ELECTRONIC MAIL:** I transmitted a true copy of said document(s) via electronic mail, and no error was reported. Said email was directed as indicated on the service list.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ **BY CM/ECF:** I electronically transmitted a true copy of said document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the aforementioned CM/ECF registrants.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 21, 2013, at Los Angeles, California.

Diana Kang

DOLL AMIR & ELEY LLP

1

# SERVICE LIST

2

3   Patric A. Lester, Esq.               T: (619) 283-6078
    Lester & Associates                 F: (314) 241-5777
4   5694 Mission Center Road, #358    pl@lesterlaw.com
    San Diego, CA 92108                *Attorneys for Plaintiff, Drew Hill*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28